UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DEAN, SR. INDIVIDUALLY; AMY HUMPHRIES, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST FOR DECEDENT DENNIS EDWIN DEAN JR.; SUSANNAH HARDESTY, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO COUNTY, A MUNICIPAL CORPORATION; SCOTT JONES, INDIVIDUALLY; and DOES 1-10,<br><br>Defendants. | No.  2:13-cv-00730-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants Sacramento County ("Defendant County") and Sacramento County Sheriff Scott Jones' ("Defendant Jones") (collectively "Defendants") Motion to Dismiss (Doc. #18) Plaintiffs Dennis Dean, Sr., Amy Humphries, and Susannah Hardesty's (collectively "Plaintiffs") First Amended Complaint (Doc. #17) ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for failure to state a claim upon which relief may be granted.  Plaintiffs oppose the

motion ("Opposition") (Doc. #19). Defendants have filed a reply (Doc. #20). For the following reasons, Defendants' motion is GRANTED.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Dennis Dean, Sr. is the father and successor-in-interest to Decedent Dennis Dean, Jr. ("Decedent"). FAC ¶ 2. Plaintiff Susannah Hardesty is the mother of Decedent. FAC ¶ 3. Plaintiff Amy Humphries is the wife of Decedent. FAC ¶ 4. On April 12, 2012, Decedent was at his home in Sacramento, California. FAC ¶ 10. While leaving his home, Decedent was confronted by narcotics officers employed by Defendant County. FAC ¶ 11. Decedent fled and was chased by the officers, who overtook Decedent, took him into custody, and placed him in a patrol vehicle. FAC ¶ 11.

The officers then began executing a search warrant of Decedent's home and found a small safe located in a bedroom closet on the floor. FAC ¶ 11. The safe was secured with a fingerprint security lock, and only Decedent could open the safe. FAC ¶ 11. The officers moved Decedent into the bedroom where the safe was located, and Decedent was "cooperative and understood what he was to do when opening the safe." FAC ¶ 11. Plaintiffs are "unaware of the event which occurred in the bedroom" but allege that Decedent was "shot at close range in the back with his hands cuffed in front of him." FAC ¶¶ 13, 17. Plaintiffs allege that an autopsy report shows over 62 bullet wounds to Decedent. FAC ¶ 15. Plaintiffs allege that, after the gunfire, the officers waited over two hours for a SWAT team's robot to

1  determine that the room was safe, and that no medical assistance
2  was provided to Decedent during this period.  FAC ¶¶ 19, 20.
3       Plaintiffs allege that Defendant County "has a history of
4  using excessive force to carry out corrupt schemes and motives"
5  as "evidenced by [the fact that Defendant County's] Sheriff's
6  Deputies have been involved in 11 shootings in 2012, with several
7  being fatal."  FAC ¶ 22.  Plaintiffs allege that Defendant County
8  had "policies implicitly ratifying and/or authorizing the use of
9  excessive force by its deputies and the failure to reasonably
10 train police officers . . . in the use of force."  FAC ¶ 10.
11      Plaintiffs allege that Defendant Jones was personally
12 responsible for investigating the incident, and made a number of
13 statements to the press, referring to the shooting as
14 "justified."  FAC ¶ 31.  Plaintiffs further allege that Defendant
15 Jones is responsible for training officers in Defendant County's
16 Sheriff Department in the use of deadly force.  FAC ¶ 31.
17      On October 12, 2013, Plaintiffs filed the FAC in this Court.
18 Plaintiffs' FAC includes the following causes of action:
19 (1) "Wrongful Death" under 42 U.S.C. § 1983; (2) "Violation of
20 Plaintiffs' civil rights to familial relationship" under 42
21 U.S.C. § 1983; (3) "<u>Monell</u>" claim for violations of 42 U.S.C.
22 § 1983; and (4) "Survival Action: Violation of Decedent's civil
23 rights" under 42 U.S.C. § 1983.  The Court has original
24 jurisdiction under 28 U.S.C. § 1331 because Plaintiff has
25 asserted a claim for relief under 42 U.S.C. § 1983.
26 ///
27 ///
28 ///

1                         II.   OPINION

2        A.   Legal Standard

3        A party may move to dismiss an action for failure to state a
4   claim upon which relief can be granted pursuant to Rule 12(b)(6)
5   of the FRCP.  To survive a motion to dismiss a plaintiff must
6   plead "enough facts to state a claim to relief that is plausible
7   on its face."  Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570
8   (2007).  In considering a motion to dismiss, a district court
9   must accept all the allegations in the complaint as true and draw
10  all reasonable inferences in favor of the plaintiff.  Scheuer v.
11  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by
12  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S.
13  319, 322 (1972).  "First, to be entitled to the presumption of
14  truth, allegations in a complaint or counterclaim may not simply
15  recite the elements of a cause of action, but must sufficiently
16  allege underlying facts to give fair notice and enable the
17  opposing party to defend itself effectively."  Starr v. Baca, 652
18  F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101,
19  182 L. Ed. 2d 882 (U.S. 2012).  "Second, the factual allegations
20  that are taken as true must plausibly suggest an entitlement to
21  relief, such that it is not unfair to require the opposing party
22  to be subjected to the expense of discovery and continued
23  litigation."  Id.  Assertions that are mere "legal conclusions"
24  are therefore not entitled to the presumption of truth.  Ashcroft
25  v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at
26  555).  Dismissal is appropriate when a plaintiff fails to state a
27  claim supportable by a cognizable legal theory.  Balistreri v.
28  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Discussion

1. First Cause of Action – Wrongful Death

Defendants argue that Plaintiffs' first cause of action for wrongful death under § 1983 must be dismissed because Plaintiffs have failed to comply with the California Tort Claims Act. Mot. at 6. Defendants note that § 1983 civil rights actions which borrow authority from state law must comply with state law requirements. Mot. at 6 (citing Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365 (9th Cir. 1998)). Plaintiffs do not directly respond to this argument and do not contend that they have complied with the California Tort Claims Act. Opp. at 8-9.

There is no federal wrongful death statute. Salmon v. Kern Cnty. Sheriff's Dep't, 2013 WL 2318906 at *3, n.2 (E.D. Cal. May 28, 2013). However, 42 U.S.C. § 1988 provides that, in areas in which federal law does not provide an adequate remedy for civil rights violations, courts may look to "the common law, as modified and changed by the constitution and statutes of the [forum] State." 42 U.S.C. § 1988(a). Accordingly, § 1988 provides for the "borrowing" of a state statute for purposes of a § 1983 federal civil rights claim, but only where the plaintiff lacks a suitable remedy under federal law. Robertson v. Wegmann,

5

1  436 U.S. 584, 588 (1978).  Furthermore, any § 1983 civil rights
2  claim brought under a state statute pursuant to § 1988 must fully
3  comply with any applicable state law requirements.  Moreland, 159
4  F.3d at 369.

5     The California Tort Claims Act requires, "as a condition
6  precedent to suit against a public entity or public entity
7  employee, the timely presentation of a written claim and the
8  rejection of the claim in whole or part."  Mangold v. California
9  Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).
10 Plaintiffs have failed to allege that any such tort claim was
11 filed, and do not argue that they have complied with the Tort
12 Claims Act.  Opp. at 8-9.  Without reaching the issue of whether
13 federal law fails to provide an adequate remedy, necessitating
14 the borrowing of the California wrongful death statute, the Court
15 finds that Plaintiffs' failure to comply with the California Tort
16 Claims Act precludes their federal wrongful death claim under
17 § 1988 and § 1983.  See Salmon, 2013 WL 2318906 at *3, n.2
18 (noting that, to proceed on a § 1983 claim for wrongful death, a
19 plaintiff "must allege compliance with the California Tort Claims
20 Act").

21    As the Court finds Plaintiffs' failure to comply with the
22 Tort Claims Act dispositive, the Court need not reach Defendants'
23 additional arguments that Plaintiffs have failed to allege facts
24 showing that the shooting was wrongful, or that Plaintiffs have
25 failed to allege facts sufficient to state a claim against
26 Defendant County.  Plaintiffs' first cause of action is DISMISSED
27 WITHOUT LEAVE TO AMEND.
28 ///

          2.      <u>Second Cause of Action – Right to Familial Relationship</u>

          a.      <u>Defendant Jones</u>

Defendants argue that the second cause of action for violation of Plaintiffs' rights to familial relationship under the Fourteenth Amendment must be dismissed, insofar as it is brought against Defendant Jones. Mot. at 11-12. Defendants note that Defendant Jones is sued in his individual capacity, and argue that Plaintiffs have not alleged adequate personal participation by Defendant Jones to support individual liability under § 1983. Mot. at 12. Plaintiffs respond, somewhat cryptically, that Defendant Jones is a "necessary party to this litigation." Opp. at 14. Plaintiffs also argue that Defendant Jones had "an outward and explicit involvement in the subject incident, by making appearances to the media and stating there was no wrong doing." Opp. at 14.

Individual liability under § 1983 "arises only upon a showing of personal participation by the defendant." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Id.</u> at 1045. The doctrine of respondeat superior does not apply in § 1983 actions and an individual is not normally liable for the actions of his or her subordinates. <u>Id.</u> at 1045.

In this case, Plaintiffs allege that Defendant Jones was personally involved in the *aftermath* of the incident. Specifically, Plaintiffs allege that "Defendant Scott Jones,

7

1    individually, was responsible for the investigation [of the
2    shooting]."  Compl. ¶ 31.  Plaintiffs further allege that
3    Defendant Jones made statements to the press regarding the
4    incident.  Compl. ¶ 31.  Defendant Jones' personal involvement
5    *after* the shooting is insufficient to give rise to individual
6    liability.  Defendant Jones' remarks to press and his personal
7    involvement in the investigation are not causally related to the
8    violation itself: the death of Decedent.  Defendant Jones did not
9    "participate[ ] in or direct" the shooting of Decedent, nor did
10   he kn[o]w of the violation[ ] and fail[ ] to act to prevent
11   [it]."  Taylor, 880 F.2d at 1045.  Accordingly, these allegations
12   are insufficient to support individual liability for Defendant
13   Jones.
14       Plaintiffs also allege that Defendant Jones was "responsible
15   for the training of the use of deadly force in the Sacramento
16   County's Sheriff Department" and that it was "his decision to
17   determine the specific policies and procedures regarding the
18   number of trainings when a suspect is in custody."  Compl. ¶ 31.
19   These conclusory allegations merely define the official
20   responsibilities of Defendant Jones, and do not adequately
21   describe any meaningful personal participation by Defendant
22   Jones.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
23   Accordingly, the second cause of action, insofar as it is brought
24   against Defendant Jones, is DISMISSED WITH LEAVE TO AMEND.
25              b.   Defendant County
26       Defendants also argue that the second cause of action must
27   be dismissed, insofar as it is brought against Defendant County,
28   because Plaintiffs have failed to allege the existence of an

official policy in sufficient detail. Mot. at 12.  Defendants maintain that Plaintiffs' references to a "policy, culture, pattern and/or practice" of "deliberate indifference" are merely "labels and conclusions," which are not entitled to the presumption of truth under Iqbal.  Mot. at 10 (quoting FAC ¶¶ 22, 24).  In opposition, Plaintiffs rely on a 2007 Ninth Circuit case for the proposition that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation [of an] official policy, custom or practice."  Opp. at 13 (quoting Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007)).

A municipality can be sued under § 1983, but "it cannot be held liable unless a municipal policy or custom caused the constitutional injury."  Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993); see also Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).  In the past, the Ninth Circuit required "nothing more than a bare allegation that the individual officers' conduct conformed to an official policy, custom, or practice."  Whitaker, 486 F.3d at 581.  However, in AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631 (9th Cir. 2012), the Ninth Circuit expressly overruled this lenient Whitaker standard, and held that the heightened pleading standard set by Twombly and Iqbal "applies to Monell claims and should govern future pleadings."  AE ex rel. Hernandez, 666 F.3d at 637.  Accordingly, bare allegations of the existence of an official policy or custom are insufficient to withstand a motion to dismiss, and the complaint "must contain sufficient allegations of underlying facts to give fair notice

and to enable the [municipality] to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiffs make a number of references to an official "policy, culture, pattern and/or practice" of deliberate indifference to the rights of the Decedent. FAC ¶ 23. For example, Plaintiffs allege that Defendant County's "failure to discipline or retrain any of the involved deputies [in a number of prior police shootings] is evidence of an official policy, entrenched culture and posture of deliberate indifference." FAC ¶ 22. Similarly, Plaintiffs allege that Defendant County had "policies implicitly ratifying and/or authorizing the use of excessive force by its deputies and the failure to reasonably train police officers . . . in the use of force." FAC ¶ 33. However, despite the length and number of these allegations, the FAC does not "contain sufficient allegations of underlying facts to give fair notice" to Defendant County. Starr, 652 F.3d at 1216 (9th Cir. 2011). Plaintiffs' allegations boil down to a vague and undeveloped claim that Defendant County has a policy of deliberate indifference to widespread civil rights violations by its police force. Although these allegations may have met the lenient pleading standard under Whitaker, they do not contain sufficient detail to withstand the heightened standard set in AE ex. rel Hernandez. See, e.g., Canas v. City of Sunnyvale, 2011 WL 1743910 (N.D. Cal. Jan. 19, 2011) (dismissing a similar claim for failure to sufficiently allege an official policy, despite the fact that the complaint included an extensive, but general, list of alleged policies). Accordingly, the second cause of action is DISMISSED WITH LEAVE TO AMEND, insofar as it is brought

against Defendant County.

As the second cause of action is dismissed against both Defendant Jones and Defendant County, and there are no remaining Defendants, the Court need not reach Defendants' argument that Plaintiffs have failed to allege facts showing that officers acted with the purpose to harm Decedent that was unrelated to a legitimate law enforcement objective.

### 3. Third Cause of Action – *Monell* Claim

#### a. Defendant Jones

Defendants argue that Plaintiffs' third cause of action, a *Monell* civil rights claim under § 1983, must be dismissed, insofar as it is brought against Defendant Jones. Mot. at 12. Defendants note that Defendant Jones is sued in his individual capacity, rather than in his official capacity. Mot. at 12. Plaintiffs again respond that Defendant Jones is "a necessary party to this litigation." Opp. at 14.

A *Monell* claim must be brought against a public entity, or a public official in his official capacity. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). A Monell claim cannot be brought against a public official in an individual capacity. Graham, 473 U.S. at 167 (acknowledging the "basic distinction between personal- and official-capacity actions"). Accordingly, the third cause of action, insofar as it is brought against Defendant Jones, is DISMISSED WITHOUT LEAVE TO AMEND.

#### b. Defendant County

Defendants argue that Plaintiffs' third cause of action, insofar as it is brought against Defendant County, must be dismissed for failure to sufficiently allege an official policy.

11

1  Mot. at 13-14.  The existence of an official policy is a
2  necessary element in a <u>Monell</u> claim.  <u>Leatherman</u>, 507 U.S. at
3  166.  For the reasons discussed above with regard to Plaintiffs'
4  second cause of action, the Court finds that Plaintiffs have not
5  alleged an official policy in sufficient detail.  Accordingly,
6  Plaintiffs' third cause of action, insofar as it is brought
7  against Defendant County, is DISMISSED WITH LEAVE TO AMEND.
8              4.    <u>Fourth Cause of Action – Survival Action</u>
9       Defendants argue that Plaintiffs' fourth cause of action, a
10 survival action brought by Plaintiff Amy Humphries, must be
11 dismissed because she did not comply with the California Tort
12 Claims Act.  Mot. at 15.  Defendants note that Plaintiff
13 Humphries cannot bring a survival action under § 1983 unless she
14 has complied with California's requirements for bringing a
15 survival action against a public entity and its employees.  Mot.
16 at 15 (citing <u>Moreland</u>, 159 F.3d at 369).  Plaintiff concedes
17 that the fourth cause of action fails because "Ms. Humphries did
18 not file any Tort Claim."  Opp. at 2.  Therefore, Plaintiffs'
19 fourth cause of action is DISMISSED WITHOUT LEAVE TO AMEND.
20
21                         III.  ORDER
22      For the reasons set forth above, the Court GRANTS
23 Defendants' Motion to Dismiss.  The first and fourth causes of
24 action are DISMISSED WITHOUT LEAVE TO AMEND.  The second cause of
25 action is DISMISSED WITH LEAVE TO AMEND.  The third cause of
26 action is DISMISSED WITHOUT LEAVE TO AMEND, insofar as it is
27 brought against Defendant Jones, and is DISMISSED WITH LEAVE TO
28 AMEND, insofar as it is brought against Defendant County.

Plaintiffs' Amended Complaint must be filed within twenty (20) days from the date of this Order.  Defendants' responsive pleading is due within twenty (20) days thereafter.  If Plaintiffs elect not to file an Amended Complaint, they should file a notice of dismissal within the next twenty (20) days.

IT IS SO ORDERED.

Dated:   January 22, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE