UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DEAN, SR., individually; AMY HUMPHRIES, individually; SUSANNAH HARDESTY, individually,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SACRAMENTO COUNTY, a municipal corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | No.　2:13-cv-00730-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

　　　This matter is before the Court on Defendant Sacramento County's ("the County") Motion to Dismiss (Doc. #25) Plaintiffs Dennis Dean, Sr., Amy Humphries, and Susannah Hardesty's (collectively "Plaintiffs") Second Amended Complaint (Doc. #24) ("SAC").[1]  Plaintiffs oppose the motion ("Opposition") (Doc. #35).  Defendants filed a reply (Doc. #36).

//

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 9, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Dennis Dean, Sr. is the father of Decedent Dennis Dean, Jr. ("Decedent").  SAC ¶ 2.  Plaintiff Susannah Hardesty is the mother of Decedent.  SAC ¶ 3.  Plaintiff Amy Humphries is the wife of Decedent; she brings her claims as the alleged successor in interest to Decedent and individually.  SAC ¶ 4.

On April 12, 2012, Decedent was at his home in Sacramento, California when narcotics officers employed by the County arrived.  SAC ¶ 9.  Decedent fled but was chased by the officers, who overtook Decedent, took him into custody, handcuffed him, and placed him in a patrol vehicle.  SAC ¶ 12.

The officers then began executing a search warrant of Decedent's home and found a small safe located in a bedroom closet on the floor.  SAC ¶ 12.  The safe was secured with a fingerprint security lock, and only Decedent could open the safe.  Id.  The officers ordered Decedent to open the safe, placing him in the closet.  SAC ¶¶ 10-15.  Plaintiffs allege that Decedent was cooperative with the officers when opening the safe, but was shot in the back at close range multiple times while his hands were cuffed in front of him.  Id.  Plaintiffs further allege that, after the gunfire, the officers waited over two hours for a SWAT team's robot to determine that the room was safe, and that no medical assistance was provided to Decedent during this period.  SAC ¶¶ 19, 20.  According to Plaintiffs, at no time prior to or during the shooting did Decedent pose a threat of violence to the officers.  SAC ¶ 10.  Decedent died as a result of the incident.

Plaintiffs allege the officers failed to follow the County's

2

"established tactical standards of care which would have resulted in the proper and reasonable use of force." SAC ¶¶ 17, 29. Plaintiffs also allege that the County "has a history of using excessive force and to [sic] follow tactical standards of care for law enforcement" evidenced by the involvement of County officers in eleven "excessive force shootings in 2012, with several being fatal." SAC ¶ 22. The County allegedly failed to discipline or retrain the officers involved and failed to properly supervise them. Id.

On October 12, 2013, Plaintiffs filed the First Amended Complaint ("FAC") in this Court, naming the County, Sheriff Scott Jones, and Does 1 through 100 as defendants. The FAC included the following causes of action: (1) "Wrongful Death" under 42 U.S.C. § 1983 ("§1983"); (2) "Violation of Plaintiffs' civil rights to familial relationship" under §1983; (3) "Monell" claim for violations of §1983; and (4) "Survival Action: Violation of Decedent's civil rights" under §1983. Defendants moved to dismiss the FAC (Doc. #18), and the Court granted the motion (Doc. #22). The order dismissed the §1983 claim for violation of Plaintiffs' rights to familial relationship and the Monell claim with leave to amend[2] but dismissed the wrongful death and survival action claims **without** leave to amend.

The SAC was filed on February 12, 2014, naming the County and the unknown officers responsible for Decedent's injuries ("Doe Officers") as defendants. The draftsmanship reflected by

---

[2] The Monell claim was dismissed without leave to amend insofar as it was brought against Defendant Sheriff Scott Jones, who is no longer a named defendant in this matter.

3

Plaintiffs' SAC leaves much to be desired.  The SAC is replete with grammatical, spelling and typographical errors.  Decedent is referred to as "Descendant" (¶ 25) and "Decadent" (¶ 55); Plaintiffs are referred to as "Playoff's" (¶ 42); and Plaintiffs allege there was a "safe which contained possible deadly force" (¶ 69).  Unnecessary and vague allegations are repeated over and again with little sense of organization.  Many of the paragraphs border on complete nonsense, and it is only with great difficulty that the Court is able to decipher what claims Plaintiffs intend to assert.  For purposes of ruling on this Motion, the Court understands the SAC to bring causes of action on behalf of Decedent against the County and Doe Officers pursuant to §1983; a claim of Monell liability against the County by the individual Plaintiffs; and a claim against Doe Officers for violation of Plaintiffs' Fourteenth Amendment Rights pursuant to §1983.

## II.  OPINION

### A.  Discussion

#### 1.  Claims on Behalf of Decedent

The County moves to strike Plaintiffs' claims insofar as they are brought on behalf of Decedent as exceeding the scope of the Court's leave to amend.  MTD at pp. 8-9.

In the previous motion to dismiss, the County challenged whether the FAC properly alleged a §1983 survival action claim on behalf of Decedent.  Rather than argue to the contrary or provide support for their claim, Plaintiffs conceded the issue; as a result, the Court dismissed the cause of action without leave to amend.

4

//

Plaintiffs then proceeded to reassert claims on behalf of Decedent in the SAC. In response to the County's current Motion to Dismiss, Plaintiffs argue they are represented by new counsel and now do *not* concede the issue. The law does not work in such a manner. "In re-alleging this claim, Plaintiff[s] [have] failed to abide by the [C]ourt's instructions. Accordingly, this defective claim is specious and should be stricken pursuant to Fed.R.Civ.P. 12(f)." Allen v. Cnty. of Los Angeles, CV 07-102-R (SH), 2009 WL 666449, at *3 (C.D. Cal. 2009). The County's motion to strike the claims from the SAC brought on behalf of Decedent is granted.

### 2. Monell Claims

The County contends the Monell claims found in the First and Third Causes of Action should be dismissed for failure to state a claim. It argues Plaintiffs have failed to adequately allege the County had a policy that amounted to deliberate indifference to Plaintiffs' constitutional rights and was the moving force behind the constitutional violation. MTD at pp. 15-17. Plaintiffs respond that the SAC adequately alleges a custom and policy of constitutional violations, which would subject the County to Monell liability. Opp. at p. 4.

As the Court stated in its previous order, bare allegations of the existence of an official policy or custom are insufficient to withstand a motion to dismiss, and the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the [municipality] to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiffs point to allegations in the SAC that are nearly identical to the allegations in the FAC. The SAC alleges the County failed to discipline or retrain its deputies and failed to supervise them. SAC ¶ 22. The SAC then repeats the FAC's recounting of past shootings. Id. These allegations in the SAC are no more sufficient or concrete than those the Court has already rejected. The remaining allegations in the "Third Cause of Action" are similarly conclusory, are not entitled to a presumption of truth, and therefore are insufficient to state a claim for Monell liability. Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Accordingly, the County's Motion to Dismiss the causes of action against it are granted. However, it is not clear to the Court that Plaintiffs can allege no set of facts to properly state such a claim. Therefore, Plaintiffs will be given one final opportunity to amend their Complaint and the claim is dismissed without prejudice.

### 3. Claim against Doe Officers

Defendants argue the claim against Doe Officers in the Second Cause of Action should be dismissed for failure to allege facts sufficient to state a claim. MTD at p. 11-12.

Plaintiffs may individually assert a Fourteenth Amendment claim based on a deprivation of their liberty interest arising out of their familial relationship with Decedent. See Byrd v. Guess, 137 F.3d 1126, 1134 (9th Cir. 1998); Provencio v. Vazquez, 258 F.R.D. 626, 640 (E.D. Cal. 2009). The standard for such a violation is based on substantive due process. See Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 371 (9th Cir. 1998). To prevail on a Fourteenth Amendment claim arising out of

6

the loss of a familial relationship, a plaintiff must show that the officers acted with a purpose to harm the decedent that is unrelated to legitimate law enforcement objectives. Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159, 1168-69 (9th Cir. 2013).

The SAC alleges that Decedent was in custody and was cooperating with Doe officers when the shooting took place. Opp. at p. 5; SAC ¶¶ 10-15, 54-58. According to the SAC, Doe Officers ordered the handcuffed Decedent to open the safe; when Decedent did as they asked, Doe Officers opened fire, inflicting at least thirty-two gunshot wounds. Doe Officers then left Decedent's injuries unattended for two hours; Decedent later died as a result of those injuries. These allegations, accepted as true, show Doe Officers acted with a purpose to harm that is unrelated to legitimate law enforcement objectives. Johnson, 724 F.3d at 1168-69. Although inartfully pleaded in the SAC and not addressed directly in the Opposition, Plaintiffs have adequately alleged conduct in the "Second Cause of Action" that states a claim for relief under §1983 for violation of Plaintiffs' Fourteenth Amendment Rights. Accordingly, the County's motion to dismiss the Second Cause of Action as against Doe Officers is DENIED.

### III.   ORDER

For the reasons set forth above, the Court GRANTS the County's Motion to Strike the claims brought on behalf of Decedent from the SAC. The Plaintiffs' Monell claims against the County are DISMISSED WITH LEAVE TO AMEND. The County's Motion to

7

Dismiss the Plaintiffs' individual claim against Doe Officers in the second cause of action is DENIED.  Plaintiffs' Third Amended Complaint must be filed within twenty (20) days from the date of this Order.  Defendant's responsive pleading is due within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated:  May 15, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE