UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DEAN, SR., individually; AMY DEAN, individually; SUSANNAH HARDESTY, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>SACRAMENTO COUNTY, a municipal corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No.  2:13-cv-00730-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SACRAMENTO COUNTY'S MOTION TO DISMISS** |

   This matter is before the Court on Defendant Sacramento County's ("the County") Motion to Dismiss (Doc. #40) Plaintiffs Dennis Dean, Sr., Amy Dean, and Susannah Hardesty's (collectively "Plaintiffs") Third Amended Complaint (Doc. #39) ("TAC").[1] Plaintiffs oppose the motion ("Opposition") (Doc. #41).  The County filed a reply (Doc. #42).

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 6, 2014.

1

I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Dennis Dean, Sr. is the father of Decedent Dennis Dean, Jr. ("Decedent"). TAC ¶ 2. Plaintiff Susannah Hardesty is the mother of Decedent. TAC ¶ 3. Plaintiff Amy Dean is the widow of Decedent. TAC ¶ 4.

Plaintiff's TAC includes the following allegations: On April 12, 2012, Sacramento County Sheriff's deputies ("the officers") took Decedent into custody. TAC ¶ 8. After a search of Decedent's home, the officers found a small safe located in a bedroom closet. TAC ¶ 9. The officers ordered Decedent to open the safe, placing him handcuffed and kneeling in the small closet opening. TAC ¶¶ 9-10. Decedent was surrounded by at least three of the armed officers when opening the safe with his hands cuffed in front of him. Id. The officers were forewarned that the safe contained a firearm. Id.

After one of the officers allegedly yelled that there was a gun, the group of officers opened fire on Decedent, "executing him by firing squad." TAC ¶ 11. Decedent was shot dozens of times resulting in at least thirty-two gunshot wounds. Id. Decedent did not fire a weapon. TAC ¶ 12. After the shooting, the officers exited the bedroom and withheld medical treatment from Decedent for at least two hours. TAC ¶¶ 13-14. He was pronounced dead at the scene. Id.

On October 12, 2013, Plaintiffs filed the First Amended Complaint ("FAC") (Doc. #17) in this Court. The FAC included the following causes of action: (1) "Wrongful Death" under 42 U.S.C. § 1983 ("§1983); (2) "Violation of Plaintiffs' civil rights to familial relationship" under §1983; (3) a "Monell" claim for

2

violations of §1983; and (4) a survival action claim for violation of Decedent's civil rights" under §1983. Defendants moved to dismiss the FAC (Doc. #18), and the Court granted the motion (Doc. #22), dismissing the §1983 claim for violation of Plaintiffs' rights to familial relationship and the Monell claim with leave to amend. The wrongful death and survival action claims were dismissed without leave to amend.

The Second Amended Complaint ("SAC") (Doc. #24) was filed on February 12, 2014, naming the County and the unknown officers responsible for Decedent's injuries ("Doe Officers") as defendants. The SAC included causes of action on behalf of Decedent against the County and Doe Officers pursuant to §1983; claims of Monell liability against the County by the individual Plaintiffs; and claims against the Doe Officers for violations of Plaintiffs' Fourteenth Amendment Rights pursuant to §1983. The Court granted (Doc. #38) the County's motion to dismiss (Doc. #25) the Monell claim with leave to amend and the motion to strike the claims brought on behalf of Decedent. The Court denied the motion to dismiss the remaining claim against the Doe Officers brought on behalf of the Plaintiffs individually.

The TAC was filed on June 4, 2014. It alleges two causes of action pursuant to §1983 for the deprivation of the rights of Plaintiffs to a familial relationship with Decedent against the Doe Officers (First cause of action) and the County and remaining Doe Defendants (Second cause of action). TAC ¶¶ 15-25.

## II. OPINION

A.  <u>First Cause of Action – Doe Officers</u>

The County first contends the claims against the Doe

3

Officers in the First Cause of Action should be dismissed for failure to allege facts sufficient to state a claim. MTD at p. 4. The County repeats the arguments it made against the same claim in the SAC.

As stated in the Court's previous Order, Plaintiffs may individually assert a Fourteenth Amendment claim based on the deprivation of their liberty interest arising out of the familial relations with Decedent. See Byrd v. Guess, 137 F.3d 1126, 1134 (9th Cir. 1998); Provencio v. Vazquez, 258 F.R.D. 626, 640 (E.D. Cal. 2009). To prevail on a Fourteenth Amendment claim arising out of the loss of a familial relationship, a plaintiff must show that the officers acted with a purpose to harm the decedent that is unrelated to legitimate law enforcement objectives. Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159, 1168-69 (9th Cir. 2013).

The TAC alleges that Decedent was handcuffed and kneeling when the Doe Officers opened fire on him. The Doe Officers then left Decedent's injuries unattended for at least two hours; Decedent later died as a result of those injuries. These allegations, nearly identical to those in the SAC, accepted as true, show the Doe Officers acted with a purpose to harm that is unrelated to legitimate law enforcement objectives. Johnson, 724 F.3d at 1168-69. Accordingly, the County's motion to dismiss the First Cause of Action as against the Doe Officers is DENIED.

    B.    Second Cause of Action – Monell Claim

The County next moves to dismiss the Monell claim found in the Second Cause of Action for failure to state a claim. It

4

argues the TAC contains bare and conclusory allegations of policies and customs that fail to meet the pleading standard. MTD at pp. 5-6.

As the Court has stated, bare allegations of the existence of an official policy or custom are insufficient to withstand a motion to dismiss, and the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the [municipality] to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiffs argue the TAC adequately alleges specific customs and policies of the County that led to Plaintiffs' injuries. Opp. at pp. 5-6. Plaintiffs point specifically to paragraphs twenty-one through twenty-three of the TAC. Those paragraphs allege that the County maintains and permits "official policies and customs which allow the occurrence of the types of wrongs set forth" in the TAC, all in deliberate indifference to the rights of citizens. TAC ¶ 21. The TAC further alleges that these policies and customs include "the deliberately indifferent training of its law enforcement officers related to the use of force and the appropriate handling of suspects in their custody" leading to the use of excessive force. TAC ¶ 22. The County's alleged "ratification of police misconduct, along with the failure to conduct adequate investigations of misconduct leads to the violations of the Plaintiffs' constitutional rights." Id.

Finally, the TAC alleges that despite the controversial circumstances surrounding Decedent's death, the County failed to "conduct an unbiased investigation, or take any action in preserving Plaintiffs' and Decedent's rights, or verify

misconduct and discipline" the officers for it.  TAC ¶ 23.

These allegations are again conclusory, not entitled to a presumption of truth, and therefore are insufficient to state a claim for Monell liability.  See Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009).  Plaintiffs have merely stated the general basis for a Monell claim, without any factual allegations to support it.  The TAC does not identify what the practices or policies were, how they were deficient, or how they caused Plaintiffs' harm, allegations necessary to state a claim against the County. See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009); Warren v. City of Grass Valley, 10-CV-1650-JAM-EFB, 2010 WL 5170317, at *4 (E.D. Cal. 2010).

Accordingly, the County's Motion to Dismiss the Monell claim in the Second Cause of Action is GRANTED.  Since the Plaintiffs have been afforded several opportunities to state a viable Monell claim against the County, the Court finds that further amendment would be futile. The motion to dismiss is granted, therefore, without leave to amend.

## II.   ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE the County's Motion to Dismiss the second cause of action and DENIES the County's Motion to Dismiss the Plaintiffs' claims in the first cause of action.

IT IS SO ORDERED.

Dated: September 3, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE